| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

| | |
|---|---|
| PETER T. NICHIK,<br><br>                                          Plaintiff,<br><br>- versus –<br><br>NEW YORK CITY TRANSIT AUTHORITY a/k/a MTA NEW YORK CITY TRANSIT, HOWARD H. ROBERTS, JR., THOMAS F. PRENDERGAST, BRENDA SIDBERRY, VIVIAN CAMPBELL, HENRY CABAN, GRICELDA CESPEDES, DAVID SIERRA, DEMETRIUS CRICHLOW, JAVIER ROCHA and PHYLLIS BOOKER, individually and in their official capacities,<br><br>                                          Defendants. | ORDER<br>10-CV-5260 (JG) |

JOHN GLEESON, United States District Judge:

On May 13, 2013, the New York City Transit Authority (the "TA") won a jury verdict in this litigation. It now seeks an order directing plaintiff Peter Nichik to reimburse the TA for the witness fees and expenses associated with the deposition of the TA's two experts, economist Christopher Erath, Ph.D., and forensic psychiatrist Paul Nassar, M.D.. Dkt. No. 139. Dr. Erath's fees and expenses total $3,679.50 and Dr. Nassar's fees total $7,000. Thus, the TA seeks a total of $10,679.50 in deposition-related fees and expenses. Nichik claims that it would be manifestly unjust to require him to pay the fees and further, the amount of the experts' fees is unreasonable. Dkt. No. 141.

Federal Rule of Civil Procedure 26(b)(4)(E) requires a party seeking discovery to pay an expert a reasonable fee for time spent in responding to discovery "[u]nless manifest injustice would result."

After a review of Nichik's affidavit (Dkt. No. 141, Ex. A), I find that requiring him to pay the deposition fees incurred in litigation would create an undue hardship. Nichik's

expenses exceed his monthly income; his bimonthly net pay is approximately $300 while his monthly bills total approximately $2500. Ex. A at ¶¶ 2-3. He is over $230,000 in debt. *Id.* at 5. Nichik has no significant personal property (*Id.* at 6) except his encumbered home (*Id.* at 4). Given his insolvency and his significant debt, ordering him to reimburse the TA would result in manifest injustice, especially weighing the relatively little hardship the TA would suffer in covering the fees and expenses.

        Accordingly, I deny defendants' request.[1]

So ordered.

John Gleeson, U.S.D.J.

Dated: September 27, 2013
       Brooklyn, New York

---

[1] I need not address the separate question of the reasonableness of the expert fees.

2